# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Wellcare Health Plans, Inc.
8705, 8715, 8725, 8735 Henderson Road, Tampa,
Florida 33634, as more fully described in Exhibit A

**SEARCH WARRANT**

CASE NUMBER: 8:07MJ1466 TGW

TO:   Any United States Marshal and any Authorized Officer of the United States

Affidavit having been made before me by Special Agent April S. French, who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

Wellcare Health Plans, Inc.
8705, 8715, 8725, 8735 Henderson Road, Tampa, Florida 33634, as more fully described in Exhibit A,

in the Middle District of Florida, there is now concealed a certain person or property, namely (describe the person or property)

   See Exhibit B

I am satisfied that the affidavit and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before October 28, 2007, the person or place named above for the person or property specified, serving this warrant and making the search at any time in the daytime – 6:00 A.M. to 10:00 P.M. – as I find reasonable cause has been established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to Thomas G. Wilson, United States Magistrate Judge as required by law.

October 18, 2007  at  10:57 a.m.                at    Tampa, Florida
Date and Time Issued                                  City and State

Thomas G. Wilson
United States Magistrate Judge
Name & Title of Judicial Officer                      Signature of Judicial Officer

AO 93 (Rev. 8/98) Search Warrant (Reverse)

|  | RETURN | CASE NUMBER: |
|---|---|---|
| DATE WARRANT RECEIVED<br>October 18, 2007 | DATE AND TIME EXECUTED<br>October 24, 2007 9:30am | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>Thaddeus Berachy - warrant<br>Kenneth J. von Stedum - receipt of items |
| INVENTORY MADE IN PRESENCE OF<br>Kenneth J von Stedum | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

See attached 77 pages and computer disk.

### CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

*[signature]*

Subscribed, sworn to, and returned before me this date.

*[signature]* Thomas B. Wilson                    Oct 29, 2007
United States Magistrate Judge                         Date

# EXHIBIT A

DESCRIPTION OF LOCATIONS TO BE SEARCHED

WellCare Health Plans Inc, is situated in a business park complex that consists of five buildings, and two multi-story parking garages, known as Renaissance Park. WELLCARE occupies four of the five office buildings, which are located at 8705, 8715, 8725, and 8735 Henderson Road, Tampa, Florida 33634. All of the buildings are off-white in color with green tinted windows. A color copy of the complex, with building identifiers, follows this page.

8705 Henderson Road, Tampa, Florida is a four-story building known as Renaissance 3 (or "Ren 3"). Located in front of the main entrance of the building is a large circular planter which displays the number 8705. Also located on the front of the building is the number 3 surrounded by a skewed circle. Housed within this building is WellCare's Quality Improvement and Florida Finance department. <u>The second and third floors are not to be searched.</u>

8715 Henderson Road, Tampa, Florida is a three-story building known as Renaissance 4 (or "Ren 4"). Located in front of the main entrance of the building is a large circular planter which displays the number 8715. Also located on the front of the building is the number 4 surrounded by a skewed circle. Housed within this building is WellCare's Human Resources, Prescription Drug Plan, Medicare Part D program, Health Services Department, and WellCare's wholly owned subsidiary Harmony.

8725 Henderson Road, Tampa, Florida is a three-story building known as Renaissance 1 (or "Ren 1"). Located in front of the main entrance of the building is a large circular planter which displays the number 8725. Also located on the front of the building is the number 1 surrounded by a skewed circle. This building houses WellCare's Information Technology, Product Development, Medical Economics, Actuarial, Accounting, Regulatory, and Corporate Compliance departments as well as the executive staff.

8735 Henderson Road, Tampa, Florida is a three-story building known as Renaissance 2 (or "Ren 2"). Located in front of the main entrance of the building is a large circular planter which displays the number 8735. Also located on the front of the building is the number 2 surrounded by a skewed circle. Housed within this building is WellCare's Call Center, Configuration and Claims departments.



# EXHIBIT B

## ITEMS TO BE SEIZED

All references made to WELLCARE include all WELLCARE companies, lines of business, subsidiaries, independent entities doing work for or on behalf of WELLCARE, and associated entities including, but limited to, Wellcare Health Plans, Inc., Wellcare Behavioral Healthcare, Inc., H Behavioral Health, Inc., Harmony Behavioral Health, Inc., Healthease of Florida, Inc., Healthease, Staywell Health Plan of Florida, Staywell, Wellcare of Florida, Inc., Well Care HMO, Inc., and Comprehensive Health Management, Inc., unless otherwise noted.

All references made to the State of Florida include all Florida state organizations, departments, contractors, and agencies including, but not limited to, The Agency for Health Care Administration.

All references to behavioral health services include all types of community behavioral health services, as well as mental health targeted case management services.

The following items are to be seized for the period of January 1, 2002 through the present, whether in electronic or paper format, handwritten, typed, photocopied, stored on computers or computer printouts, disks, diskettes, photo-optical devices, magnetic tape, cassettes, CDs, DVDs, or any other medium:

1. Any and all accounting documents relating to financial transactions of WELLCARE including, but limited to:

    a. General Ledgers,
    b. General Journals,
    c. All subsidiary ledgers and journals,
    d. Chart of accounts,
    e. Bank statements,
    f. Gross receipts and income records,
    g. Cash receipts and disbursement records and/or journals,
    h. Sales and purchase records and/or journals,
    i. Accounts receivable and payable ledgers and records,
    j. Bad debt records,
    k. Cost of goods sold and cost of services provided records,
    l. Loan receivable and payable ledgers,
    m. Voucher register and all sales and expense invoices,
    n. All documents summarizing annual, quarterly, monthly, weekly, or daily financial performance including, but not limited to: balance sheets, statements of operation (profit and loss statements), trial balances, Federal and state income tax returns and quarterly estimated tax returns, periodic reports required to be filed with the Securities Exchange, state of Florida, or other governing or regulatory bodies,
    o. Analysis and commentary regarding expenditures or income,
    p. Credit and debit memos,

       q.    Inter-company transactional records,
       r.    Subsidiary transactional records pertaining to (in whole or in part) to any community behavioral health services,
       s.    Adjusting journal entries, and
       t.    Billing and revenue records.

2. Letters of findings and other documents, communications, and reports concerning any internal or external audits or auditors.

3. Any and all capitation tables, spreadsheets, reports, worksheets, and projections concerning any behavioral health services and/or any revenues, expenses, corporate completion factors, or items incurred but not recognized (IBNR).

4. Any and all records or documents relating to any work with or for any aspect of the Medicaid program, in whole or in part.

5. Corporate board records, including any minutes, resolutions, and other related documents.

6. Any and all administrative, management, or service agreements or contracts between any WELLCARE entities.

7. Any and all communications between WELLCARE and the State of Florida, and any evidence of transmission, mailing, or receipt of same.

8. Any and all documents, communications, or data provided to or obtained from the Louise de la Parte Florida Mental Health Institute at the University of South Florida.

9. Any and all contracts or agreements for WELLCARE pertaining, in whole or in part, to behavioral health services (whether in draft or finalized format).

10. Any and all records, documents, calculations, memoranda, communications, notes, comments, spreadsheets, projections, messages, and logs of any type relating to the provision of any behavioral health services.

11. Appointment or date books, schedules, calendars, and any related reminder notes or messages showing or displaying work-related meetings or appointments.

12. Organizational charts (whether formal or informal, in draft or finalized format).

13. Any and all documents, calculations, notes, comments, spreadsheets, projections, and communications of any type relating to any determination of any medical benefits ratio or medical loss ratio.

14. Company training materials, manuals, memoranda, and policies.

15. Any and all Medicare and Medicaid educational and training materials relating to any applicable rules, requirements, coverage guidelines, or policies of said government health programs.

16. Any and all data, documentation, filings, reports, or claims, whether formal or informal, draft or final, submitted to the State of Florida including, but not limited to, patient encounter data, provider submission reports, provider claim data, and Medicaid claim data, and any reconciliations related thereto.

17. Any and all statements, contracts, communications, and reports, along with any supporting schedules, work papers, and related correspondence or notes, prepared for, by, or on behalf of WELLCARE, its subsidiaries, or related entities, concerning or relating to the provision of any behavioral health services.

18. Any and all documents pertaining to WELLCARE's Internal Audit Committee.

19. Lists of WELLCARE employees including, but limited to, phone lists, email accounts and lists, and departmental or work assignment lists.

20. Any and all records which reflect any monetary overpayments received by WELLCARE, or related accruals, relating to any government sponsored health programs.

21. Any and all encounter data pertaining to behavioral health services.

22. Any and all claims data pertaining to behavioral health services.

In searching for data that falls within the above list of items to be seized, which is capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant are to employ the following procedures:

1. Computers with electronic storage devices, such as internal hard drives, which can be "downloaded" (i.e., copied) onsite in a reasonable amount of time, will not be seized. Instead, computer personnel will attempt to create on site electronically generated backups of any computer hard drives or fixed disks believed to be pertinent. The onsite electronically generated backups will include full "images" of the hard drives, or logical file backups, by the computer experts at the search location. Electronically generated backups of the digital data will be created on site, and seized as original evidence.

2.      All removable storage media such as floppy disks, CD's, DVD's, removable disk cartridges, etc., may be seized and electronic backups be created offsite in a laboratory environment.

3.      The law enforcement personnel may examine all of the data contained in the computer equipment and storage devices to view the data's precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the law enforcement computer personnel may attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

4.      If law enforcement personnel determine that the storage devices are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41, the government will return the items within a reasonable period of time.

Should a business located at the premises being searched so request, the agents executing this warrant may make photocopies of records deemed essential to said business' operations in the delivery of health care.