UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE SEARCH WARRANTS
RELATING TO WELLCARE
HEALTH PLANS, INC.

CASE NO. 8:07-MJ-1466TGW

_____/

## MOTION OF MEDIA GENERAL OPERATIONS, INC., D/B/A THE TAMPA TRIBUNE TO INTERVENE AND PETITION FOR ACCESS

Media General Operations, Inc., d/b/a *The Tampa Tribune* (the "Tribune") moves to intervene for the limited purpose of obtaining access to all documents filed with the court related to a search warrant, including probable cause affidavits (the "search warrant papers"), and to any orders relating to the sealing of the search warrant papers. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

## MEMORANDUM OF LAW

On Wednesday, October 24, 2007, approximately 200 agents from the FBI and other federal and state agencies, acting pursuant to a search warrant, seized laptop computers, files, and boxes of documents from the offices of WellCare Health Plans, Inc. on Henderson Road in Tampa, Florida. The Tribune has requested access to the search warrant papers, but the Clerk of Court indicated that he had no record of the search warrant. The Tribune has also requested access to any orders sealing the search warrant papers, but no order has been identified or provided to the Tribune.

The Tribune seeks leave to intervene in this matter for the limited purpose of obtaining access to any sealing order, challenging such order if it exists, and petitioning for access to the search warrant papers.

Argument

I.   **The Tribune Should Be Allowed To Intervene In This Matter.**

The Tribune is a daily newspaper of general circulation in central Florida. As such, the Tribune has standing to intervene in this proceeding for the limited purpose of seeking access to the search warrant papers. As the Eleventh Circuit has recognized, members of the news media are entitled to challenge the denial of access to judicial records. See, e.g., United States v. Ellis, 90 F.3d 447, 449 (11th Cir. 1996), cert. denied, 519 U.S. 1118 (1997); Newman v. Graddick, 696 F.2d 796, 800 (11th Cir. 1983). Accordingly, the Tribune requests leave to intervene for the limited purpose of seeking access to judicial records in this proceeding.

II.  **The Court Should Permit Access To The Search Warrant Papers.**

The public and the press have well-established right to attend criminal trials under the First Amendment and common law. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 575, 580 (1980). This right extends both to proceedings within a trial and to judicial records and transcripts. See Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1 (1986) (right of access to preliminary hearings); Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501 (1984) (right of access to voir dire); Associated Press v. United States District Court, 705 F.2d 1143, 1145, 1147 (9th Cir. 1983) (right of access to records and transcripts).

The right of access specifically includes access to search warrants and probable cause affidavits, although courts are divided on whether the right arises under the First Amendment or the common law. See, e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569 (8th Cir. 1988) (recognizing First Amendment right of access to search warrants and probable cause affidavits); In re The Baltimore Sun Company, 886 F.2d 60 (4th Cir. 1989) (recognizing common law right of access to search warrants and probable cause affidavits).

Florida district courts are likewise divided on whether the media's right of access to search warrants arises under the First Amendment or the common law, but are in agreement that the media enjoys a presumptive right of access. See United States v. Shenberg, 791 F. Supp. 292, 293 (S.D. Fla. 1991) (finding a First Amendment right of access to search warrants); In re Search of Office Suites for World and Islam Studies Enterprise 5620 East Fowler Avenue, Tampa, FL, 925 F. Supp. 738, 742 (M.D. Fla. 1996) (finding a common law right of access to search warrants).

Regardless of the basis for the right of access, the standard for sealing the search warrant papers is the same: the search warrant papers can be sealed only if the Court determines, in clearly articulated findings, that closure serves a compelling interest and is no greater than necessary to serve that interest. See In re Search of Office Suites, 925 F. Supp. at 742; Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

In the present case, the government likely seeks closure of the search warrant papers because it contends that an ongoing investigation will be jeopardized by the release of the search warrant papers. But the talismanic assertion that an investigation will be jeopardized is not enough to support closure of court records. Rather, the government must demonstrate that the search warrant papers "describe in considerable detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved." In re Secretarial Area Gunn, 855 F.2d at 574. Similarly, the government must demonstrate that sealing is necessary to "protect the identities of undercover agents and persons cooperating with the investigation." In re Searches of Semtex Indus. Corp., 876 F. Supp. 426, 429 (E.D.N.Y. 1995). "[C]onclusory assertions are insufficient to allow review; specificity is required." In re The Baltimore Sun Company, 866 F.2d at 66.

If the government is able to establish that closure serves a compelling interest, the Court must still consider alternatives to complete sealing of the search warrant papers. In re Search of Office Suites, 925 F. Supp. at 743; In re Searches of Semtex, 876 F. Supp. at 429. For example, the Court should consider redaction of names, addresses, or other identifying information the disclosure of which would frustrate the government's investigation or would identify confidential informants.

"[The] right to inspect and copy judicial records . . . like the right to attend judicial proceedings, is important if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system." Newman v. Graddick, 696 F.2d 796, 802 (11th Cir. 1983). Just as with open proceedings, unfettered access to records filed with the Court helps to ensure "that the proceedings [are being] conducted fairly," while discouraging "perjury, the misconduct of participants, and . . . decisions based on secret bias or partiality." Richmond Newspapers, 448 U.S. at 569. Further, access promotes the "public acceptance of both the process and its results," an "awareness that society's responses to criminal conduct are underway," and the "prophylactic aspects of community catharsis." Id. at 571; Press-Enterprise, 478 U.S. at 9. For all of these reasons, "[a] presumption of access must be indulged to the fullest extent not incompatible with the reasons for closure." Newman, 696 F.2d at 802.

These bases for access are present in the context of search warrants and probable cause affidavits. Indeed, "public access to documents filed in support of search warrants is important to the public's understanding of the function and operation of the judicial process and the criminal justice system and may operate as a curb on prosecutorial and judicial misconduct." In re Secretarial Area Gunn, 855 F.2d at 572.

> Moreover, even though a search warrant is not a part of the criminal trial itself, like voir dire, a search warrant is certainly an integral part of a criminal prosecution. Search warrants are at the center of pre-trial suppression hearings, and suppression issues often determine the outcome of criminal prosecutions.

Id. at 573. Accordingly, the Tribune requests access to the search warrant papers. If the Court finds that there is a compelling interest served by limiting access, the Tribune requests that any sealing order be narrowly tailored to permit disclosure of any documents, or portions of documents, for which sealing is not found to be necessary.

### III. The Tribune Should Be Granted Access To Any Order Relating To The Sealing Of The Search Warrant Papers.

Inasmuch as the Court has <u>not</u> issued an order sealing the search warrant papers, the search warrant papers should be open to review just as other court records are open to review. If no order has been entered, the Court should grant the Tribune access to the search warrant papers immediately.

If, on the other hand, an order has been entered sealing the search warrant papers, that order should be disclosed. The sealing of such an order prevents the press and the public from knowing the basis for the sealing decision and from assessing whether the sealing order is based upon a compelling public interest and is narrowly tailored to serve that interest. The Tribune has the right to review on-the-record findings of fact within the sealing order so that it can be assured of a sufficient showing of compelling necessity and the narrowness of the remedy and so that it can, if appropriate, challenge the findings of fact contained in the order.

## Conclusion

WHEREFORE, the Tribune respectfully requests that the Court grant the Tribune's Motion to Intervene and allow the Tribune access to the search warrant papers and any related sealing orders.

Respectfully Submitted,

_/s/ Gregg D. Thomas_

Gregg D. Thomas
 Florida Bar No. 223913
James J. McGuire
 Florida Bar No. 0187798
Rachel E. Fugate
 Florida Bar No. 0144029
THOMAS & LOCICERO PL
400 N. Ashley Drive, Suite 1100
Post Office Box 2602
Tampa, Florida 33601-2602
(813) 984-3060
(813) 984-3070 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on October 29, 2007, via facsimile and U.S. Mail to the following:

King & Spaulding
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4706
Fax: (202) 626-3737

Greenburg Traurig
1221 Brickell Avenue
Miami, FL 33131
Fax: (305) 579-0717

Robert O'Neill, Chief
United States Attorney's Office
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Fax : (813) 274-6358

Bill McCollum, Attorney General
Office of the Attorney General
400 S Monroe St Ste PL-01
Tallahassee, Florida 32399-6536
Fax: (850) 245-0140

_/s/_
Attorney