UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
SEARCH OF
WELLCARE HEALTH PLANS, INC.
8705, 8715, 8725, 8735 HENDERSON ROAD,
TAMPA, FLORIDA 33634

CASE NO. 8:07-MJ-1466TGW

## UNITED STATES OF AMERICA'S RESPONSE
## TO MOTION OF MEDIA GENERAL OPERATIONS, INC.,
## TO INTERVENE AND PETITION FOR ACCESS

The United States of America (the "United States" or "government"), by and through undersigned counsel, hereby responds in opposition to the *Motion of Media General Operations, Inc., D/B/A the Tampa Tribune to Intervene and Petition for Access* ("Petition For Access"), requesting access to all documents filed with the Court related to a search warrant executed on October 24, 2007, at the offices of WellCare Health Plans, Inc., including the probable cause affidavit, and to any orders relating thereto. As set forth more fully below, the United States respectfully submits that the probable cause affidavit (the "search warrant affidavit") at issue must remain sealed in order to protect and safeguard the integrity of an ongoing federal criminal investigation.

As an initial matter, the United States has no objection to that aspect of The Petition For Access which seeks leave to intervene in this matter for the limited purpose of seeking access to the search warrant papers. In addition, the government notes that the initial relevant sealing order did not seal the actual search warrant. Rather, said order only sealed the search warrant affidavit and its accompanying motion to seal the affidavit.

As acknowledged in the Petition For Access, a search warrant affidavit can be sealed if the Court determines in clearly articulated findings that closure serves a compelling interest and is no greater than necessary to serve that interest. *See Search Of Office Suites For World & Islam Studies Enterprise*, 925 F. Supp. 738, 742 (M.D.Fla. 1996); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569-1570 (11th Cir. 1985). Here, in deciding whether to grant the Petition For Access, the Court should balance the historical presumption of access against the weighty and compelling government interests in protecting the integrity of an ongoing criminal investigation and in ensuring that its witnesses are free from any undue harassment and/or tampering. *See Newman v. Graddick*, 696 F.2d 796, 802-803 (11th Cir. 1983); *Search Of Office Suites For World & Islam Studies Enterprise*, 925 F. Supp. at 741-743; *United States v. Valenti*, 987 F.2d 708, 712-714 (11th Cir.), *cert. denied*, 114 S.Ct. 289 (1993) (prejudice to an ongoing investigation is compelling reason for closure).

The necessity for maintaining the seal on the search warrant affidavit at issue here is particularly compelling and far outweighs any party's right of access. The lengthy and detailed affidavit contains many particulars of the government's ongoing criminal investigation, including the identifications of certain individuals who are potentially subjects of the investigation, the scope and focus of aspects of the investigation, references to one or more cooperating witness(es), and other specific information which, if known by any person or party, could be used to undermine and hamper the government's legitimate and significant efforts. *See, i.e., Search Of Office Suites For World & Islam Studies Enterprise*, 925 F. Supp. at 743 (government's

2

reasons for sealing the search warrant affidavit are compelling and far outweigh press's right of access where affidavit contains identifications of subjects, scope and direction of investigation, and references to cooperating witness(es)).

In addition, neither redaction of, nor extraction of excerpts from, the search warrant affidavit is appropriate at this time as neither would sufficiently protect the government's compelling interests. The search warrant affidavit is drafted and structured in such a manner that to simply redact names or to extract excerpts from the affidavit would still reveal significant and detailed aspects of the government's investigation, including the current scope, direction, and focus of the investigation, and could potentially reveal the name of one or more cooperating witness(es). Thus, such information, if revealed, would irreparably harm the investigation and/or the government's witness(es). *Id.* at 743-744.

WHEREFORE, that aspect of the Petition For Access that requests the unsealing of the affidavit supporting the search warrant should be denied by this Court. The government therefore respectfully requests that this Court enter an Order denying the Petition For Access and articulating that, having considered other less restrictive means to protect the government's ongoing investigation, such as, redaction of names and extraction of excerpts, the government's reasons for maintaining the seal as to the search warrant affidavit are compelling and outweigh the press's right of access, in that, the affidavit contains many particulars of the government's ongoing criminal investigation, including the identifications of certain individuals who are potentially subjects of the investigation, the scope and focus of aspects of the investigation, references to one or more

3

cooperating witness(es), and other specific information which, if known by any person or party, could be used to undermine and hamper the government's investigation.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 802093
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6312
Facsimile:  (813) 27-6103
E-mail:  jay.trezevant@usdoj.gov

In Re: Search of WellCare Health Plans, Inc.                Case No. 8:07-MJ-1466TGW

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, a true and correct copy of the foregoing document and the notice of filing was sent by United States Mail and Facsimile to the following non-CM/ECF participant(s):

Gregg D. Thomas  
Thomas & Locicero PL  
400 N. Ashley Drive, Suite 1100  
Post Office Box 2602  
Tampa, Florida 33601-2602

By: _____  
Jay G. Trezevant  
Assistant United States Attorney  
Florida Bar No. 802093  
400 North Tampa Street, Suite 3200  
Tampa, Florida 33602  
Telephone: (813) 274-6312  
Facsimile: (813) 27-6103  
E-mail:      jay.trezevant@usdoj.gov