UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: SEARCH OF WELLCARE :
HEALTH PLANS, INC., :
8705, 8715, 8725, 8735 :
HENDERSON ROAD, :
TAMPA, FLORIDA 33634 : CASE NO. 8:07-MJ-1466-TGW

_____

ORDER

THIS CAUSE came on for consideration upon the Motion of Media General Operations, Inc., D/B/A The Tampa Tribune to Intervene and Petition for Access, and the Government's response thereto. The motion pertains to court documents related to a search warrant executed on October 24, 2007, at the offices of WellCare Health Plans, Inc. For the reasons stated below, the motion will be granted in part and denied in part.

A. The movant seeks "to intervene for the limited purpose of obtaining access to all documents filed with the court related to a search warrant, including all probable cause affidavits ... and to any orders related to the sealing of the search warrant papers" (Motion, p. 1). The movant's request to intervene for the purpose of petitioning for access to sealed documents will be granted. Thus, the news media is entitled to challenge the

denial of access to judicial records even though it is not a party to the case. See Newman v. Graddick, 696 F.2d 796, 800 (11th Cir. 1983). Further, it is noted that the Government has no objection to the movant's intervention in this case for that purpose (Response, p. 1).

B. As indicated, the movant's purpose for intervening in this matter is to obtain all judicial documents related to a search warrant executed on October 24, 2007, at the offices of WellCare Health Plans, Inc. This file is not sealed in its entirety. The search warrant and its attached exhibits, as well as the search warrant return and its accompanying documents, are available to the public. Documents sealed in this case are the application and affidavit for search warrant ("search warrant affidavit"), the In Camera Motion to Seal Warrant Affidavit ("motion to seal"), and the In Camera Order which granted the request to place the documents under seal ("order to seal").

The motion to seal and the order to seal will be made available to the public because they do not contain information which will jeopardize the Government's ongoing investigation. It is noted that the Government has made no contention otherwise in its responsive memorandum, which focuses on the sensitive contents of the search warrant affidavit. However, because the Government has articulated a compelling interest in having the search

warrant affidavit remain sealed, and there are important third-party interests that would likely be adversely affected by the premature disclosure of this documentation, the search warrant affidavit will remain sealed.

There is a "presumptive common law right to inspect and copy judicial records." U.S. v. Rosenthal, 763 F.2d 1291, 1293 (11th Cir. 1985); see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). Nonetheless, "[t]he right to inspect and copy records is not absolute...." Newman v. Graddick, supra, 696 F.2d at 803. Thus, "[a]s with any other form of access, it may interfere with the administration of justice and hence may have to be curtailed." Id. Denial of access to court documents is justified when the "denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." Id. at 802 (quoting Globe Newspaper Co. v. Superior Court for the County of Norfolk, 457 U.S. 596, 606-07 (1982)).

The Government persuasively argues that the affidavit "must remain sealed in order to protect and safeguard the integrity of an ongoing federal criminal investigation" (Response, p. 1). The court's review of the search warrant affidavit affirms the sensitive nature of its contents which, if revealed, would irreparably harm the law enforcement investigation. Thus,

3

the Government correctly stated (id., p. 2):

> The lengthy and detailed affidavit contains many particulars of the government's ongoing criminal investigation, including the identifications of certain individuals who are potentially subjects of the investigation, the scope and focus of aspects of the investigation, references to one or more cooperating witness(es), and other specific information which, if known by any person or party, could be used to undermine and hamper the government's legitimate and significant efforts.

The protection of this continuing law enforcement investigation is a compelling governmental interest that outweighs the public's interest in immediate access to these judicial documents. See U.S. v. Valenti, 987 F.2d 708, 714 (11th Cir. 1993), cert. denied, 510 U.S. 907 (1993) (stating that a continuing law enforcement investigation is a compelling government interest justifying the denial of access to judicial records).

Furthermore, the premature disclosure of the search warrant affidavit also implicates important interests of third parties who are identified therein. Thus, the search warrant affidavit contains the names of numerous WellCare employees who have not presently been charged with a crime. Immediate disclosure of the search warrant affidavit would lead to rife speculation of illegal conduct by the individuals, thereby possibly unfairly

4

tarnishing their reputations and impugning their integrity. Notably, unlike some search warrant affidavits, the facts do not describe circumstances that show that a crime has been committed, but rather a situation that needs to be investigated further. Accordingly, individuals who are never charged with a criminal offense could be the subject of newspaper speculation about criminal activity with the result that their reputations are irreparably harmed. This interest also supports the denial of access to the search warrant affidavit at this stage of the investigation. See U.S. v. Ochoa-Vasquez, 428 F.3d 1015, 1030 (11th Cir. 2005), cert. denied, 127 S.Ct. 380 (2006) (quoting Press-Enterprise Co. v. Superior Court of California, Riverside County, 464 U.S. 501, 510 (1984)) (a party may overcome the presumption of openness if it can show an "overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest").

The court is mindful that less intrusive alternatives to the complete denial of access to documents, such as redaction, must be considered in accordance with the doctrine that "[a] presumption of access must be indulged to the fullest extent not incompatible with the reasons for closure." Newman v. Graddick, supra, 696 F.2d at 802. However, as the Government aptly points out, redaction of, or extraction of excerpts from, the

search warrant affidavit would be inadequate in this circumstance to protect its interest in the ongoing investigation because "[t]he search warrant affidavit is drafted and structured in such a manner that to simply redact names or to extract excerpts from the affidavit would still reveal significant and detailed aspects of the government's investigation ... and could potentially reveal the [identity] of one or more cooperating witness(es)" (Response, p. 3).

For these reasons, the search warrant affidavit will remain sealed. However, as indicated, the motion to seal and the order to seal will be made part of the public record.

It is, therefore, upon consideration,

ORDERED:

1. That the Motion of Media General Operations, Inc., D/B/A The Tampa Tribune to Intervene and Petition for Access be, and the same is hereby, **GRANTED** to the extent that (1) Media General Operations, Inc., D/B/A The Tampa Tribune is permitted to intervene in this case for the purpose of seeking access to court documents and (2) the In Camera Motion to Seal Warrant Affidavit and the In Camera Order are **UNSEALED**. In all other respects, the motion is **DENIED**.

2. That the **Clerk** is hereby **DIRECTED** to file in the court docket (1) the Motion of Media General Operations, Inc., D/B/A The Tampa Tribune to Intervene and Petition for Access, and (2) the United States of America's Response to Motion of Media General Operations, Inc., to Intervene and Petition for Access.

DONE and ORDERED at Tampa, Florida, this 28th day of November, 2007.

*/s/ Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE